George Tilzer, J.
Plaintiff moves for an order granting it permission to retain, pending trial of the action, certain devices and incidental materials and restraining the defendants from instituting any action or proceeding seeking a return thereof. The defendant cross-moves for summary judgment and for relief pursuant to rules 107 (suhds. 4, 5) and 106 (subd. 4) of the Rules of Civil Practice. The application for relief pursuant to rule 113 is premature. In the prior action the parties were reversed. A seizure had been made pursuant to section 135 of article 8 of the Sanitary Code of the City of New York, upon the ground of misbranding. In that action the Appellate Division (Metallic Flowers v. City of New York, 4 A D 2d 292) had found misbranding and denied injunctive relief. On further appeal (5 N Y 2d 246) the Court of Appeals determined that any condemnation proceeding taken by the Department of Health under the Sanitary Code must accord with the procedure specified in a like case presented under section 6813 of the Education Law. Its Per Curiam opinion continued (p. 249): “ Until those safeguards afforded plaintiff by law are observed, we may not pass upon the basic question of whether the plaintiff’s bracelet was misbranded. The seizure here having been in violation of those procedural safeguards, the plaintiff is entitled to a return of its property. The defendants and other appropriate authorities, if any, are free, of course, to initiate any proper proceedings or prosecutions, if they so choose.”
The judgment of the Appellate Division dismissing that part of the complaint seeking an injunction against the Department of Health was affirmed and the dismissal of that part seeking a return of the property was reversed.
In these circumstances, the prior action is not a bar by adjudication. In addition, plaintiff insists that the present action is based upon a new condemnation. Apparently the department has never, in fact, parted with possession of the property since the original condemnation. However, in the light of the facts and circumstances relied on by plaintiff with respect to the whereabouts of the defendant and for the purpose of this cross *503 motion, the action must he deemed to have been timely commenced.
The cross motion is denied in all respects, with leave to the defendant to plead the Statute of Limitations. The main motion is granted.
Settle order.