DEPARTMENT OF HEALTH OF THE CITY OF NEW YORK, Plaintiff, *v.* NATURAL PLATING CORPORATION et al., Defendants.

Supreme Court, Special Term, New York County, June 11, 1962.

*Borris M. Komar* for Natural Plating Corporation, defendant. *Leo A. Larkin, Corporation Counsel,* for plaintiff.

OWEN McGIVERN, J. Defendant Natural Plating Corporation moves for dismissal of the amended complaint pursuant to subdivision 4 of rule 106 and subdivision 5 of rule 107 of the Rules of Civil Practice and for an order, pursuant to section 98, extending the time of the defendant to make application for such relief and, in the alternative, for summary judgment dismissing the complaint.

The prior action between these parties resulted from a seizure which was held to be unlawful. In *Metallic Flowers* v. *City of New York* (5 N Y 2d 246, 249) the court said: " Until those safeguards afforded plaintiff [Metallic Flowers Inc., the predecessor of Natural Plating Corporation] by law are observed, we may not pass upon the basic question of whether the plaintiff's bracelet was misbranded. The seizure here having been in violation of those procedural safeguards, the plaintiff [Metallic Flowers Inc.] is entitled to a return of its property. The defendants [Department of Health] and other appropriate authorities, if any, are free, of course, to initiate any *proper* proceedings or prosecutions, if they so choose." (Italics supplied.) That action was commenced in April, 1955. This action was commenced in April, 1959. Defendant appealed from an order denying its application for judgment (*Department of Health of City of New York* v. *Natural Plating Corp.*, 17 Misc 2d 501). On appeal the court stated (12 A D 2d 419, 421): " The complaint in the present action, which seeks a judgment of condemnation and a direction for destruction of the devices, is predicated upon and alleges the seizure of March 15, 1955. On the present pleading, based as it is upon the seizure of March 15, 1955, the action could not be maintained (Civ. Prac. Act, § 50). This does not mean that a new pleading based upon a new seizure, actual or constructive, may not be alleged if plaintiff be so advised. On this view the mere fact that the bracelets were already in the custody of the city did not prevent a new constructive seizure of the allegedly misbranded articles. The purpose of the provisions of the Sanitary Code [of the City of New York, §§ 116, 135] dealing with adulterated or misbranded drugs or devices is to protect the public. To direct that the respondent actually divest itself of physical possession and thereafter go through the procedure of again taking actual possession of such devices is in effect to require the doing of a useless act. Under the applicable sections if there is probable cause to believe that the device falls in the area of prohibition and the articles be in the custody of the party empowered to make the seizure, such party, if it has not already done so, may proceed thereafter in accordance with the provisions of the code and section 6815 of

the Education Law to effect the seizure and so assert the same in its pleadings. This accords with the spirit and purpose of the law and the object sought to be accomplished. It must be remembered that the Court of Appeals did not pass upon the question if the devices were in fact misbranded. Thus this issue has never been adjudicated by our highest court." An amended complaint based upon a new seizure of June 5, 1959, was accordingly served on June 14, 1961.

Defendant claims that plaintiff is barred by the Statute of Limitations. To accept the validity of this claim would be tantamount to asserting that the Appellate Division, being fully advised, directed a futile act in permitting the service of an amended complaint based upon a new seizure, and further did a futile act in enabling further litigation upon the issue of misbranding. Furthermore, the amended complaint is basically but an enlargement of primary wrongs previously asserted and concerning which defendant was apprised.

Defendant further urges that at the time of the new seizure it was doing business in the State of New Jersey, and such business was in foreign countries only. Defendant loses sight of the fact that if redelivery were directed, plaintiff could not be required to make such delivery outside the State of New York. Moreover, defendant was and remains a domestic corporation.

Whether the seized articles were misbranded and whether, upon the new seizure, they were not amenable to the plaintiff for any action by reason of the character of defendant's business must remain for trial. The motion is denied.